UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANGELA DEFOOR,** | } |
| Plaintiff, | } |
| v. | } Case No: 2:24-cv-1087-MHH |
| **FRANK BISIGNANO,** **Commissioner of the Social Security Administration,**[1] | } |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Angela Defor seeks judicial review of a final adverse decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  The Commissioner denied Ms. Defoor's application for supplemental security income benefits based on an Administrative Law Judge's finding that Ms. Defoor was not disabled.

On August 13, 2025, the magistrate judge assigned to this matter entered a

---

[1] On May 7, 2025, Frank Bisignano was sworn in as Commissioner of the Social Security Administration.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Commissioner Bisignano as the defendant in this action.  *See* Fed. R. Civ. P. 25(d) (Although the public officer's "successor is automatically substituted as a party" when the predecessor no longer holds officer, the "court may order substitution at any time. . . .").

report in which she recommended that the Court reverse the Commissioner's decision and remand this matter for additional analysis of Ms. Defoor's concentration and persistence limitations. (Doc. 17, p. 21). The magistrate judge advised the parties of their right to file objections within 14 days, (Doc. 17, p. 24); to date, the Court has not received objections.

The Court adopts the magistrate judge's findings that the ALJ "discounted the 'well-spaced workstation' language by reference to the wrong category of mental capacity" and that the ALJ included limitations relating to concentration and persistence in Ms. Defoor's RFC, but "neither the RFC nor the ALJ's opinion as a whole address[] [Ms.] Defoor's limitation in the ability to work in coordination with or in proximity to others without being distracted by them." (Doc. 17, p. 21). Given these findings, the Court cannot conclude that substantial evidence supports the RFC regarding Ms. Defoor's ability to concentrate and persist. (Doc. 17, p. 21). Therefore, consistent with the magistrate judge's recommendation, (Doc. 17, pp. 21, 23), and without objection to the report and recommendation from either party, the Court remands this matter for further proceedings consistent with this memorandum opinion and the magistrate judge's report and recommendation.

The Clerk of Court shall please TERM Doc. 17.

**DONE** and **ORDERED** this September 2, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE